IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIFFANY COOPER-ESCALERA
LAILA ALEXA MONTOYA
    *Plaintiff,*

VS.                                                         CIVIL ACTION NO. 1:23-CV-544

TERRANCE DOUGLAS GROSS
R&B TRUCKING LLC

    *Defendants*.

## PLAINTIFFS' ORIGINAL COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURIES

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Tiffany Cooper-Escalera and Laila Alexa Montoya files this their Original Complaint to Recover Damages for Personal Injuries, and, in support thereof, would respectfully show the Court the following:

## I.
## PARTIES AND SERVICE

**A.    Plaintiffs**

1.1    Plaintiff Tiffany Cooper-Escalera is and was a resident of New Mexico at all times relevant to this lawsuit.

1.2    Plaintiff Laila Alexa Montoya is and was a resident of New Mexico at all times relevant to this lawsuit.

**B.    Defendants**

1.3    Defendant Terrance Douglas Gross ("Gross") is a natural person who is and was a resident and citizen of the state of Arkansas at the times relevant in this action. Defendant Gross, however, engaged in intentional, continuous, and systematic contacts with the State of New Mexico through his work with his employer,

Defendant R&B Trucking LLC both before and after the accident made the basis of this lawsuit. Defendant Gross may be served with process at his last known address at 12814 Shiloh Rd Van Buren, Arkansas or wherever he may be found.

1.4    Defendant R&B Trucking LLC ("R&B Trucking") is and was foreign limited liability company with its principal place of business located in the State of Missouri but maintained systematic contacts with the State of New Mexico by operating a business for profit in New Mexico both before and after the incident made the basis of this lawsuit.  Defendant R&B Trucking may be served with process at its principal place of business in 1125 S Martin Ave Bolivar Missouri, 65613 or through its agent Robert Moucheron in 3841 S Queens Ct, Springfield Missouri, 65807 or wherever it may be found.

## II.
## JURISDICTION AND VENUE

2.1    Jurisdiction and venue of the Court is proper pursuant to NMSA, 1978 §38-3-1.

## III.
## BACKGROUND FACTS

3.1    On or about December 20th, 2020, Plaintiff Tiffany Cooper-Escalera and Laila Alexa Montoya were traveling southbound on I-10 EB MM 139 off ramp at S Motel Blvd in Dona Ana County, New Mexico.

3.2    Also, on that date and at that time, Defendant Gross was operating a commercial vehicle, owned and controlled by Defendant R&B Trucking and acting as an agent of; working in the course and scope of his duties for; performing service in furtherance of the business interests of; driving in furtherance of a mission for the benefit

of; and/or subject to the control as to the details of his mission by Defendant R&B Trucking, immediately behind Plaintiff southbound on I-10 EB MM 139 off ramp at S Motel Blvd in Dona Ana County, New Mexico.

3.3   At approximately 12:30 p.m., as Plaintiff Laila Alexa Montoya was attempting turn left, Defendant Gross failed to maintain in his lane, causing a collision with the Plaintiffs.

3.4   As a result of Defendant Gross' misconduct, Plaintiffs were seriously injured.

3.5   Defendant Gross was issued a citation for failure to maintain lane causing the collision.

## IV.
## PLAINTIFF'S CLAIM OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT GROSS

**A.   Negligence**

4.1   Defendant Gross committed acts of omission and commission, which collectively and severally constituted negligence, and which were the proximate causes of Plaintiffs' injuries and their resulting damages.

4.2   Defendant Gross' negligent acts include, but are not limited to:

  a.   Failure to maintain proper control of his vehicle;

  b.   Failure to keep a proper lookout which operating his vehicle;

  c.   Failure to keep mental and physical alertness while operating his vehicle;

  d.   Distracted driving; and

  e. Violations of applicable state and/or local regulations, including but not limited to NM Stat §66-8-114.

**B.** **Gross Negligence**

  4.3 During relevant times to this action, Defendant Gross committed acts of omission and commission, which collectively and severally constituted gross negligence, and which were proximate causes of Plaintiffs injuries and resulting damages.

  4.4 The wrong done by Defendant Gross, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

  4.5 Defendant Gross' conduct, when viewed objectively from his standpoint at the time of his conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Gross was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

## V.
## PLAINTIFFS CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT R&B TRUCKING, LLC

  5.1 At the time of the occurrence of the act in question and immediately prior thereto, Defendant Gross was performing services for the benefit of Defendant R&B Trucking.

  5.2 At the time of the occurrence of the act in question and immediately prior thereto, Defendant Gross was engaged in the furtherance of Defendant R&B Trucking's business.

5.3    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Gross was engaged in accomplishing a task for which Defendant Gross was employed.

5.4    Plaintiffs invoke the doctrine of Respondeat Superior against Defendant R&B Trucking.

## VI.
## PLAINTIFFS' CLAIM OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT R&B TRUCKING

**A.    Negligence**

6.1    Defendant R&B Trucking committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

6.2    Defendant R&B Trucking's negligent acts include, but are not limited to:

a.    entrusting the subject vehicle to Defendant Gross;

b.    hiring Defendant Gross;

c.    retaining Defendant Gross;

d.    failing to train Defendant Gross; and

e.    failing to supervise Defendant Gross.

**B.    Gross Negligence**

6.3    During relevant times to this action, Defendant R&B Trucking, by and through its agent and employee Defendant Gross, committed acts of omission and commission, which collectively and severally constituted gross negligence. Such gross negligence was a proximate cause of Plaintiff's injuries and their resulting damages.

6.4     The wrong done by Defendant R&B Trucking, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

6.5     Defendant R&B Trucking's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant R&B Trucking was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

6.6     Further, Defendant R&B Trucking authorized, condoned, approved, and/or ratified its employee's grossly negligent conduct that proximately caused Plaintiff's injuries and their resulting damages.

6.7     Further, Defendant Gross was unfit for performing his assigned job duties, and Defendant R&B Trucking was reckless in employing him.

## VII.
## DAMAGES

**A.     Plaintiff Tiffany Cooper-Escalera's Personal Injury Damages**

7.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer injuries to her body, both temporary and permanent, and to incur the following damages: endured pain and suffering, both physical and mental, incurred medical expenses, has undergone medical treatment and will undergo medical treatment in the future and have suffered loss of enjoyment of life, general bodily impairment and have been unable to engage in normal family, social, recreational, and household services, activities, lost income, and other damages which will continue into the future.  Plaintiff is entitled to compensation for her damages.

**B.     Plaintiff Laila Alexa Montoya's Personal Injury Damages**

7.2     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer injuries to her body, both temporary and permanent, and to incur the following damages: endured pain and suffering, both physical and mental, incurred medical expenses, has undergone medical treatment and will undergo medical treatment in the future and have suffered loss of enjoyment of life, general bodily impairment and have been unable to engage in normal family, social, recreational, and household services, activities, lost income, and other damages which will continue into the future.  Plaintiff is entitled to compensation for her damages.

**C.     Punitive Damages**

7.3     As a result of the gross negligence committed by Defendants, Plaintiffs seek punitive damages against Defendants in an amount deemed appropriate by the jury.

**D.     Interest**

7.4     Plaintiffs seek pre-judgment and post-judgment interest at the applicable rate allowed by law.

## VIII.
## JURY DEMAND

8.1     Plaintiffs hereby respectfully demand a six-person trial by jury.

## PRAYER

**WHEREFORE,** Plaintiffs pray for judgement against Defendants as follows:

    a.    For reasonable compensatory damages;

    b.    For punitive damages;

    c.    For prejudgment and post judgment interest; and

    d.    For the cost of this action, and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

**HERRING LAW FIRM**

By: */s/ Laraine Quirarte-Mendez*
    **Laraine Quirarte-Mendez**
    7500 Viscount Blvd. Suite C82
    El Paso, Texas 79925
    Telephone:   832.500.3170
    Telefax:      832.500.3172
    Email:        lqmendez@herringlawfirm.com

**ATTORNEY FOR PLAINTIFFS**